**IN THE UNITED STATES DITRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| DAVID M. ADLER, ESQ & ASSOC. PC )<br>    an Illinois corporation           )<br>          Plaintiff,           )<br>                               )<br>                               )<br>        v.                  )<br>                               )<br>SUBMARINE FORCE LIBRARY AND    )<br>MUSEUM ASSOCIATION, INC.,           )<br>    a Connecticut corporation      )<br>                               )<br>                Defendant.      ) | ) COMPLAINT FOR TRADEMARK<br>) INFRINGEMENT, TRADEMARK DILUTION,<br>) UNFAIR COMPETITION, AND DECEPTIVE<br>) TRADE PRACTICES<br><br><br><br><br><br>) Jury Demanded |

Plaintiff, DAVID M. ADLER, ESQ & ASSOC. PC, through its attorneys, alleges as follows:

**I.    SUMMARY**

By this complaint, Plaintiff, DAVID M. ADLER, ESQ & ASSOC. PC, ("Plaintiff") seeks to prevent consumer confusion and protect "PING," a federally-registered trademark, from intentional infringement and dilution by a direct competitor. Defendant, SUBMARINE FORCE LIBRARY AND MUSEUM ASSOCIATION, INC. ("Defendant"), is offering a newsletter to compete directly with Plaintiff's newsletter, and is using the name "PING" to immediately convey to consumers an association with Plaintiff and unfairly trade off the reputation and goodwill of the PING trademark, U.S. registration No. 3,452,368.

At least as early as May 25, 2007, Plaintiff began using the trademark "PING" to identify and distinguish Plaintiff's newsletters. Since 2007, Plaintiff has actively promoted the use of the mark PING on the Internet by advertising PING on Internet search engines, on social media websites such as LinkedIn.com, Twitter.com and Facebook.com. On June 24, 2008 the mark "PING" was registered with the United States Patent & Trademark Office, Reg. No. 3,452,368. Plaintiff has continuously and exclusively promoted, marketed and offered its newsletters via the Internet using the mark PING.

1

On or about November 1, 2010 , Defendant began to advertise and promote its newsletter under the name "PING." On October 1, 2014, Plaintiff sent Defendant a cease and desist letter demanding that Defendant cease use of Plaintiff's PING trademark. Defendant has failed to comply with Plaintiff's demand. Defendant continues to offer its newsletter directly to consumers using the name PING.

Defendant's use of PING is in direct competition with Plaintiff, for identical services, e.g. newsletters, distributed through the same channels of trade and, therefore, is likely to confuse consumers. The fact that the two marks are identical and used in connection with identical services will lead to consumer confusion, mistake or deception.

Preventing this confusion will help consumers to make fully informed choices about the products they purchase and the merchants from whom they purchase, and will therefore promote the consumer protection goals of the trademark and unfair competition laws. In this action Plaintiff seeks to enjoin Defendant from using anything confusingly similar to the trade name and trademark PING for the marketing and distributing a directly competing product. The unfair competition laws do not allow a latecomer to copy a famous mark and "free ride" on the goodwill associated with it. A myriad of other names are available. Plaintiff's long term and extensive investment in the PING trademark has made that mark famous. A direct competitor should not be allowed to benefit from that investment at the expense of Plaintiff and to the detriment of consumers.

II. JURISDICTION AND VENUE

1. This is a Complaint for Trademark Infringement, Trademark Dilution and Unfair Competition arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1)(Trademark Infringement), 15 U.S.C. § 1125(c)(Trademark Dilution), and 15 U.S.C. § 1125(a)(Unfair

Competition), and for deceptive trade practice arising under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

2. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over the defendant because the defendant maintains continuous and systematic commercial contacts with the State of Illinois. Also, the defendant has purposefully availed itself of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of those activities. The defendant maintains a Web site at http://www.ussnautilus.org that actively and continuously solicits commercial interaction with Illinois residents, that actively displays, disseminates, and promotes the infringing PING name, and that urges residents in Illinois and throughout the United States to subscribe to Defendant's competing newsletter. The publication and dissemination of the infringing trademark in Illinois is causing ongoing injury to Plaintiff and dilution of the PING trademark in Illinois.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred, and continue to occur, in the Northern District of Illinois. The damage to Plaintiff described herein takes place in the Northern District of Illinois.

III.   THE PARTIES

5. Plaintiff is an Illinois corporation with its principal place of business in Chicago, Illinois. Plaintiff's business activities include the provision of legal services. Plaintiff uses the PING trademark around the world to promote the sale of its services to existing and prospective clients.

6. On information and belief, Defendant "SUBMARINE FORCE LIBRARY AND MUSEUM ASSOCIATION, INC." is a Connecticut corporation conducting business in Grotn Connecticut and through out the United States via the Internet. Defendant is marketing and selling its directly competing newsletters using a name that is identical to Plaintiff's registered trademark.

## IV. STATEMENT OF FACTS

7. DAVID M. ADLER, ESQ & ASSOC. PC is a law firm located in the state of Illinois.

8. Since at least as early as 2007, Plaintiff has used the trademark PING to identify, distinguish and promote its newsletters.

9. On May 25, 2007, Plaintiff applied for the registration of its PING trademark. On June 24, 2008 the mark "PING" was registered with the United States Patent & Trademark Office, Reg. No. 3,452,368. (A true and correct copy of the Registration Certificate is attached hereto as Exhibit A.)

10. Since 2007, Plaintiff has used the PING trademark to distinguish its newsletter and market its legal services.

11. The PING trademark is broadly recognized both within the legal services industry and among the general public as the brand identifier for Plaintiff's newsletters. The fame and goodwill associated with the PING trademark is one of Plaintiff's most valuable corporate assets.

12. Plaintiff has the federally registered trademark PING, for use in connection with newsletters, U.S. Reg. No. 3,452,368. On April 10, 2014, Plaintiff filed its combined Declaration of Use and Incontestability under Sections 8 & 15.

13. Plaintiff has the exclusive right throughout the United States to use the mark PING, for use in connection with newsletters

4

14. Plaintiff's Reg. No. 3,452,368 puts Defendant on notice of Plaintiff's exclusive rights to sue the mark PING in connection with newsletters

15. Defendant intentionally chose to adopt the mark "Ping" in connection with its newsletter in a deliberate attempt to cause consumer confusion, mistake or deception as to the origin of its newsletters and to trade on the goodwill associated with Plaintiff's "PING" trademark.

16. Defendant intends to continue to use the "Ping" name to promote its newsletter.

17. Defendant actively solicits subscribers and invites potential customers to engage in a variety of interactive exchanges using the Ping name fort its newsletter and Defendant has obtained subscribers for its mailing lists in the Northern District of Illinois and has distributed its newsletters, including the infringing name in the Northern District of Illinois.

18. Defendant's use of the "Ping" name to compete directly with Plaintiff's PING trademark is likely to cause consumer confusion, mistake, and deception.

19. On information and belief, through its use of the "Ping" name, Defendant has intentionally and with knowledge sought to cause consumer confusion, mistake, and deception.

20. The ongoing promotion and dissemination of Defendant's "ping" newsletter is likely to lessen the capacity of Plaintiff's PING trademark to identify and distinguish Plaintiff's services. On information and belief, through the use of "Ping," Defendant willfully intended to dilute the ability of the PING trademark to identify and distinguish Plaintiff newsletter and services.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT § 32

21. Defendant's use of the name "Ping" to promote, market, and distribute its newsletter in direct competition with Plainitff's registered trademark PING constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

22. Defendant's intentional and willful infringement of the PING trademark has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

23. Defendant is causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with or certification by Plaintiff by marketing, promoting and distributing its newsletter using Plaintiff's trademark, "PING®", U.S. Registration #3,452,368.

## COUNT II

## TRADEMARK DILUTION UNDER LANHAM ACT § 43

24. Defendant's use of "Ping" to promote, market, or distribute its newsletter constitutes willful Trademark Dilution pursuant to 15 U.S.C. § 1125(c).

25. Defendant's intentional and willful dilution of the registered trademark PING has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

26. Defendant is diminishing the effectiveness of Plaintiff's trademark, "PING®", U.S. Registration #3,452,368 and reducing Plaintiff's ability to distinguish its newsletter from its competitors by marketing, promoting and distributing its newsletter using Plaintiff's trademark, "PING®", U.S. Registration #3,452,368.

## COUNT III

## UNFAIR COMPETITION UNDER LANHAM ACT § 43

25. Defendant's use of "Ping" to promote, market, or distribute its newsletter in direct competition with Plaintiff constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a).

26. Defendant's use of the name "Ping" is likely to cause confusion, mistake, and deception among consumers who search for Plaintiff's PING newsletter.

27. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## COUNT IV

## DECEPTIVE TRADE PRACTICES UNDER 815 ILCS 510/2.

28. Defendant's use of "Ping" to promote, market, or distribute its newsletter in direct competition with the registered trademark PING constitutes a deceptive trade practice pursuant to 815 ILCS 510/2 et seq.

29. Defendant's use of "Ping" is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to Plaintiff.

30. Defendant is misleading consumers who search for Ping.

31. Defendant is causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with or certification by Plaintiff by marketing, promoting and distributing its newsletter using Plaintiff's trademark, "PING®", U.S. Registration #3,452,368.

32. Defendant is representing that its newsletter is marketed with the sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or that Defendant has a sponsorship, approval, status, affiliation, or connection that he or she does not

7

have, by marketing and selling its newsletter using Plaintiff's trademark, "PING®", U.S. Registration #3,452,368.

33. Defendant is representing that its newsletter is of a particular standard, quality, or grade or that goods are a particular style or model, as those offered by Plaintiff by falsely associating its newsletter with the newsletter associated with Plaintiff's trademark, "PING®", U.S. Registration #3,452,368.

34. Plaintiff has experienced a drop in the volume of subscribers due to the fact that consumers are confused and misled by Defendant's use of Plaintiff's trademark, "PING®", U.S. Registration #3,452,368, choosing to subscribe to Defendant's newsletter in the mistaken belief that they are subscribing to Plaintiff's newsletter.

35. Defendant's unfair business practice has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

**WHEREFORE**, plaintiff respectfully prays that this Court:

1. Issue a preliminary and permanent injunction, enjoining and prohibiting Defendant, and each and every natural personal, individually doing business under the assumed name SUBMARINE FORCE LIBRARY AND MUSEUM ASSOCIATION, INC., or its agents, servants, employees, officers, attorneys, successors and assigns from:

    (A) Using the "Ping" name, or any similar version thereof, in connection with the description, marketing, promotion, advertising, or sale of newsletters;

    (B) Infringing Plaintiff's PING trademark;

    (C) Diluting Plaintiff's PING trademark;

2. Order an award of damages against Defendant and each and every natural personal, individually doing business under the name SUBMARINE FORCE LIBRARY AND MUSEUM ASSOCIATION, INC., in an amount in excess of $100,000.00;

3. Order an award of treble damages against SUBMARINE FORCE LIBRARY AND MUSEUM ASSOCIATION, INC., as provided by Section 35(a) of the Lanham Act;

4. Order an award of attorney's fees and costs against SUBMARINE FORCE LIBRARY AND MUSEUM ASSOCIATION, INC., as provided by Section 35(a) of the Lanham Act and 815 ILCS 510/3, and

5. Any other or further relief that the Court deems appropriate.

### V. JURY DEMAND

Plaintiff hereby demands a trial by jury of all issue in this case.

DATED this November 21, 2014.

Respectfully submitted,

DAVID M. ADLER, ESQ. & ASSOCIATES, PC


By: /david m. adler/
     David M. Adler, One of its attorneys

     Attorneys for Plaintiff

     David M. Adler, Esq.
     ADLER LAW GROUP
     300 Saunders Rd. Ste., 100
     Riverwoods, IL 60015
     Phone & Fax (866) 734-2568
     Email david@adler-law.com
     Attorney #35543
     ISBA #6242403